RAFAEL NONES, Plaintiff and Appellant, *v.* LUIS C. TRIGO, Defendant and Appellee.

No. 7675. Argued February 2, 1939.—Decided June 14, 1939.

*Adrián Agosto,* for appellant. *J. M. Calderón, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Rafael Nones and Luis C. Trigo were living in Santurce as neighbors. The latter built a wall which overlooked the land owned by Nones and two windows looked out over plaintiff's lot which said wall was situated within two meters of Nones' lot. After a trial the District Court of San Juan decided in favor of the plaintiff Nones and ordered that the windows of the house of the defendant which had been placed on the wall contiguous to the property of the plaintiff, at a distance less than two meters should be covered (*tapiadas*) and such coverings should be made with wood or material of sufficient resistance and durability to prevent light from coming in or enable one to look out over the land of the plaintiff. The judgment of the district court was appealed and affirmed by this court.

After the devolution of the case to the district court the marshal thereof executed on due process a return that the defendant had complied with the judgment and order of the District Court of San Juan.

Thereafter on November 15, 1936, the plaintiff again came into court and complained that the defendant Trigo had not really complied with the order of the court. The fundamental idea of the plaintiff was that the windows should be totally closed at a level with the outside wall and that it was not sufficient to put a covering of wood on the inside of the openings of the windows. The District Court of San Juan entertained the motion, took a view of the premises and decided that the defendant had sufficiently complied with the judgment of the court. It held that the apertures were well closed and the only thing that gave something of an appearance to the contrary was that the old Persian blinds had still been left on the outside of said openings. We accept the findings of the court as final on the facts.

The appellant complains, as we have already indicated, that the wooden coverings could be easily knocked out and the former condition restored. Furthermore, he maintains that if he wanted to sell his house and intending purchaser might be prevented from buying because of the possibility of the windows being reopened. The appellee very truly says that the plaintiff can record his original judgment in the registry of property and an intending purchaser would know that Trigo had no servitude or right to open windows on the land overlooking that of the plaintiff; that if the defendant should attempt to reopen the windows he would be contumacious or, in other words, might be prosecuted for contempt. There was nothing in the original judgment which required the defendant to make the covering of his windows on the level with the outside wall.

There are other things which tend to the affirmance of the judgment. The case has no index. The judgment in the

original hearing is copied into the record and some of the actions of the marshal, but the facts of the trial are not there. The court does refer to the view taken by it, but we desire to draw attention to the fact that technically we ought to have the whole record before us. The appellant refers to the decision of this court reported in 50 P.R.R. 515, but does not specifically refer to it as part of his record on this appeal.

The order appealed from should be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.

ON MOTION FOR RECONSIDERATION

Denied: July 26, 1939.

This was a case where the plaintiff-appellant came into court and obtained from it a judgment requiring the defendant to keep his windows closed. In other words, the plaintiff successfully obtained a judgment. Subsequently, he complained that the judgment was not properly executed inasmuch as the defendant was not closing his windows in the manner that they should have been sealed. His idea then was, more or less, that the windows should be closed so as to bring the closed part on the same level as the outside walls. In the proceedings the district judge took a view of the premises and decided that the original defendant, Trigo, had sufficiently sealed the said windows. The order of the district judge was appealed by the plaintiff and affirmed.

The appellant has filed a motion for reconsideration. He maintains that he is practically without any improvement over his original condition when he filed the suit. Of course, it would have been better for his purposes if the improvement or change had been made with stone and the windows had been closed even with the outside walls, but we are not prepared to say, after the inspection of the lower court, that the effort that Trigo made to cover (*tapiar*) his windows was not sufficient.

Nones says that these windows could easily be opened and apertures made, but there is that possibility even with

stones. On the other hand, if the house in this case had been of wood, stone could not have been required. In general, we do not think that when openings or forms for windows are made that a person objecting can insist that they be made even with the outside walls.

As we said in our opinion and we may emphasize now, Nones always has a definite judgment which he can have executed, even by way of contempt, if any neighbor of his occupying the house should turn refractory.

The motion for reconsideration should be denied.

Mr. Justice Travieso took no part in the reconsideration of this case.